**In re Donna M. McCLEARN, Debtor.**

**Claire Ann Resop, Trustee, Plaintiff,**

**v.**

**DFZ Enterprises, Inc., Defendant.**

**Bankruptcy No. 04 17344.**
**Adversary No. 06–205.**

United States Bankruptcy Court,
W.D. Wisconsin.

May 15, 2007.

Jessica Zerbst, William A. Abbott, Bell, Gierhart & Moore SC, Madison, WI, for Debtor and Defendant.

Claire Ann Resop, Brennan, Steil & Basting, S.C., Madison, WI, pro se.

Thomas P. Walz, Office of the U.S. Trustee, Madison, WI, for U.S. Trustee.

Kraig A. Byron, Madison, WI, for trustee, Plaintiff.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Donna McClearn filed a voluntary chapter 7 petition on October 14, 2004. The chapter 7 trustee brought this adversary proceeding under § 544 to avoid Donna's mortgage to DFZ Enterprises. DFZ did not respond to the complaint or summons, and the Court entered a default judgment in favor of the trustee on December 20, 2006. DFZ has moved to reopen the case and set aside the default judgment.

The trustee claims that there was never a true mortgage supported by a true debt. The debtor did not receive any financial benefit from DFZ. Neither DFZ nor the debtor has produced the promissory note that the mortgage purportedly secures. There have been no payments on the alleged note. Finally, the mortgage was executed on March 19, 2003, while the debtor was still married to her ex-husband Robert Call, and only Robert signed the mortgage, in violation of Wis. Stat. § 706.02(1)(f), Wisconsin's statute of frauds.

DFZ argues that its failure to respond to the summons and the trustee's motion for default judgment was the product of excusable neglect. The debtor and DFZ reaffirmed the obligation to DFZ on January 5, 2005, pursuant to § 524 of the Bankruptcy Code. DFZ contends that in light of the reaffirmation agreement, it was excusable for DFZ not to know that it needed to respond to a lawsuit filed against it to avoid the mortgage securing the reaffirmed debt.

DFZ also claims that it has a complete defense to the trustee's suit. First, DFZ argues that there was a legitimate loan from DFZ to the debtor's ex-husband. Second, the debtor agreed to repay that debt as part of the marital settlement agreement in the divorce proceedings. Third, DFZ claims that the mortgage was valid because Robert had abandoned his homestead interest long before mortgaging the house to DFZ. Alternatively, DFZ argues that the debtor's execution of a mortgage to DFZ on November 12, 2003, was a joining-in by separate conveyance that nullifies the violation of the statute of frauds. Fourth, the Court's allowance of a homestead exemption in the property makes it likely that the estate would realize nothing from the sale of the property regardless of the DFZ mortgage and therefore the trustee has no reason to avoid DFZ's lien.

 Rule 60(b) of the Federal Rules of Civil Procedure (FRCP) applies in adversary proceedings in bankruptcy court. Fed. R. Bankr.P. 9024. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final

judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Proc. 60(b) (2006). Where the ground for relief is any type of neglect, Rule 60(b)(1) applies, and it requires the neglect to be excusable. *Ackermann v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207 (1950) ("Rule 60(b) has no application" to petitioner's inexcusable neglect).

While Rule 60(b) does not define the term "excusable neglect," the Supreme Court has elaborated on it in the context of Bankruptcy Rule 9006:

Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [party against whom relief is sought], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it

was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir.2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules").

The bankruptcy estate and the trustee may have been prejudiced by the delay. In the six months since default judgment was entered, the trustee has expeditiously conducted the bulk of the work in this chapter 7 case, including the defense of a prior motion by the defendant. For the trustee now to have to relitigate this avoidance action could consume several additional months, during which the case would have to remain open. Creditors will have to wait even longer for any distribution.

The delay by this defendant was lengthy—nearly six months since the default judgment was entered. "There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion; courts have found periods of as little as a few months unreasonable, and have found periods of as long as three years reasonable." *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir. 1986). Chapter 7 bankruptcy cases typically move very quickly, often concluding within 90 days of the first meeting of creditors. In this context—especially when all other pending litigation in the case has been resolved—a delay of six months is unreasonable. Nor has DFZ offered any reason for the lengthy delay, other than that DFZ's principal did not understand he was required to respond to the summons. This claim, even if true, does not explain why DFZ delayed two months after filing its first motion to re-

open the case (which was denied without prejudice when brought on a clearly incorrect reading of the service requirement of Bankruptcy Rule 7004) before filing its second.

Ultimately, however, a defendant's claim that it did not know it needed to respond to a summons is not a legitimate reason for delay. DFZ Enterprises was the only defendant to this adversary proceeding. Its registered agent received by mail (in compliance with Bankruptcy Rule 7004(b)): a complaint against DFZ with over 50 pages of documentation; a summons stating

> YOU ARE SUMMONED and required to file a motion or answer to the complaint ... within 30 days.... IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT;

and then a motion for default judgment, followed by a signed order entering default judgment. All of these documents were addressed solely to DFZ. Even a layperson with minimal literacy upon reading the summons would understand that he or she needed to respond.

This Court has hesitated in the past to preclude decision on the merits due to a party's tardy filings which are not prejudicial to others. But it is hard to conceive of a clearer statement that a party must respond than the one in the summons. This is not the situation where a single document is filed late, or an attorney forgets to attend a hearing. To the contrary, this defendant manifested no intention to participate in the case whatsoever until four months after the complaint and summons

were served on its registered agent (and did not file this motion to reopen the case until six months later). This neglect is not excusable under *Pioneer*. The motion must be denied.

## MEMORANDUM DECISION

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that the Defendant's motion to reopen this adversary proceeding is DENIED.